IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                Cr. No.  20-20237-TLP

DERRION GOODS,

        Defendant.

## DEFENDANT'S MOTION TO SUPPRESS
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Derrion Goods ("Mr. Goods"), by and through his counsel of record, Serena R. Gray, Assistant Federal Defender, hereby moves this Honorable Court to suppress any and all physical evidence whether tangible or intangible; any and all observations of law enforcement officers and any other tangible or intangible evidence obtained during or as a direct or indirect result of an unlawful search and seizure pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, states as follows:

### FACTUAL BACKGROUND

On January 18, 2020, Mr. Goods was sitting in the driver seat of a vehicle that was parked in front of Eden Food Mart located at 2799 South Mendenhall, when officers from Memphis Police Department's ("MPD") Multi Agency Gang Unit, surrounded the vehicle blocking him in his parking space.  The officers immediately approached Mr. Goods' vehicle. Detective Murphy ("Murphy") tapped on Mr. Goods' passenger-side window and subsequently drew his weapon. While Detective Mills, who is positioned at Mr. Goods' driver-side, pulled him from the vehicle

1

and handcuffed him. They question him as they walk him to the police car to place him in the back seat and ask if they can search the car to which Mr. Goods shakes his head no.

MPD went back to search the vehicle and its contents. They allegedly found a Glock .40 Caliber semi-automatic pistol in the vehicle. MPD later alleged that the reason for initiating contact with Mr. Goods is because he had his head down in the vehicle and appeared to be unconscious.

## ARGUMENT

The Fourth Amendment protects the "right of people to be secure in their persons . . . against unreasonable seizures." U.S. Const. amend. IV. The Fourth Amendment thus prohibits "'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *Terry v. Ohio*, 392 U.S. 1, 9 (1968)). The Sixth Circuit has recognized "three types of permissible encounters between the police and citizens" under the Fourth Amendment: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010) (internal quotations and citations omitted).

Furthermore, the Sixth Circuit asserts in *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011) that:

> [t]o justify a brief, investigative stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer must point to specific, articulable facts that gave rise to a "reasonable suspicion" that the suspect was engaged in criminal activity. *Id.* at 21, 88 S.Ct. 1868. "A reasonable suspicion exists when, based on the totality of the circumstances, a police officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Baldwin,* 114 Fed.Appx. 675, 679 (6th Cir.2004) (quoting *United States v. Cortez,*

>449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). The officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (citations and internal quotation marks omitted).

When evidence is obtained as a result of an unconstitutional search or seizure, it is inadmissible in federal court. *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)). This is the exclusionary rule and it "is supplemented by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." *Id.* (citations omitted). The overarching purpose of the exclusionary rule is to deter unlawful government behavior and compel respect for "the constitutional guaranty in the only effectively available way –by removing the incentive to disregard it. *Gross,* 662 F.3d at 401, (citing *Elkins v. United States* 364 U.S. 206, 217 (1960)). Thus, "the indirect fruits of an illegal search or arrest should be suppressed when they bear sufficiently close relationship to the underlying illegality". *Gross*, 662 F.3d at 401 (citing *New York v. Harris*, 495 U.S. 14, 19 (1990).

Mr. Goods avers that there was no reasonable articulable suspicion to support the *Terry* stop initiated by the MPD in this case, which ultimately resulted in his arrest. Moreover, he avers that the investigative detention and inquiry into him was unconstitutional and unwarranted. For these reasons, Mr. Goods respectfully requests this Court to suppress all evidence found as a result of the illegal seizure as well as all statements made thereafter.

**(A)** **There was not a proper basis for the *Terry* stop.**

When courts evaluate the reasonableness of a *Terry* stop, they engage in a two-part analysis. *United States v. Mays*, 643 F.3d 537, 541 (6th Cir. 2011) (citation omitted). First, the court must "ask whether there was a proper basis for the stop." *Id*. (quoting *United States v. Smith*,

3

594 F.3d 530, 536 (6th Cir. 2010)). If the stop was proper, the court must then "determine whether the degree of intrusion . . . was reasonably related in scope to the situation at hand." *Id.* at 542.

The Supreme Court has asserted that "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled" are all indicators that a seizure has occurred. *United States v. Mendenhall,* 446 U.S. 544, 554, (1980). Moreover, an encounter becomes a seizure when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *Id.* Similar to the case at bar, the Sixth Circuit has held that the blocking of a parked vehicle is a warrantless *Terry* stop requiring reasonable suspicion. *United States v. Gross*, 624 F. 3d. 309, 316 (6th Cir. 2010) (*See United States v. See,* 574 F.3d 309, 313 (6th Cir.2009)).

Here, MPD effected an investigatory *Terry* stop when they blocked Mr. Goods' car in his parking space, in a manner in which no reasonable person would have believed that he was free to leave. Futhermore, the warrantless seizure continued when MPD drew their weapons and pulled Mr. Goods out of the vehicle without witnessing him engaging in any criminal activity. It is anticipated that the government will argue that MPD was caring out a welfare check or community-caretaking function. However, as the Sixth Circuit has held in *Gross* and *See*, the moment that MPD blocked Mr. Goods vehicle, which was legally parked, the interaction transformed from a consensual encounter to conduct a welfare check to an unlawful seizure. *Gross*, 624 F. 3d. at 317.

As such, MPD lacked the requisite reasonable articulable suspicion that any criminal activity was being committed. Therefore, Mr. Goods respectfully requests that the Court grant his motion to suppress because there was no basis for the stop.

**B.      Any alleged statements made by Mr. Goods was made during custodial interrogation absent proper *Miranda* warnings and must be suppressed.**

Custodial interrogation generates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he otherwise does not do so freely." *Miranda v. Arizona,* 384 U.S. 436, 467 (1966). Therefore, the government cannot use statements against a defendant that were elicited through custodial interrogation unless the use of procedural safeguards guarantees that he or she has been informed of and has freely waived his or her Constitutional privileges. *Id*. at 444-45.

This requirement only extends to custodial interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 297 (1980). Once custody is established, any statements made via interrogation must be suppressed unless they were voluntarily given. Interrogation is "express questioning" or any activity by law enforcement officers "reasonably likely to elicit an incriminating response." *Id.* at 300.

In this case, Mr. Goods is immediately pulled from his vehicle and surrounded by several MPD officers and their patrol cars. He was handcuffed and questioned by MPD before and after being placed in the back seat of a patrol car. Considering these circumstances, a reasonable person would not have felt free to terminate the officers' questioning and leave the scene. Here, there is no question that Mr. Goods was in custody. "Before the police may interrogate a suspect in custody, they must first read the *Miranda* warnings." *United States v. Pacheco-Lopez*, 531 F.3d 420, 423 (6th Cir. 2008) (citing *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Here, officers did not do so. Therefore, since he was not Mirandized before being interrogated about items allegedly found in his vehicle after his illegal seizure and search, any subsequent statements made by Mr. Goods must be suppressed.

## CONCLUSION

There was no proper basis for the *Terry* stop in this case. MPD lacked any reasonable suspicion of criminal activity to initiate contact with Mr. Goods. Furthermore, any statements made by Mr. Goods during his custodial interrogation absent any proper Miranda warning must be suppressed.

WHEREFORE, for all of the foregoing reasons, Mr. Goods respectfully requests this Court to suppress all evidence found as a result of the unlawful seizure and all statements made thereafter.

Respectfully submitted,

DORIS RANDLE HOLT
FEDERAL PUBLIC DEFENDER

s/ Serena R. Gray
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(90) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Michelle Parks, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 11th day of March, 2021.

s/ Serena R. Gray
Assistant Federal Defender